VAL. KING *v.* COMMONWEALTH.

**Judges—Appointment—Presumption.**

In the absence of a showing to the contrary, the Court of Appeals will presume that the provisions of the law as to the appointment of judges pro tempore were substantially complied with.

**New Trial—Discretion of Court.**

> In penal prosecutions motions for new trials are addressed to the sound discretion of the trial court.

### APPEAL FROM LOUISVILLE CITY COURT.

### January 25, 1873.

OPINION BY JUDGE LINDSAY:

It is insisted that the judgment in this case should be reversed.

First. Because the judge pro tem. who presided upon the trial of the prosecution was not sworn, and

Second. Because the sickness of the defendant prevented him from preparing his case for trial and from being present when tried and hence that the court erred in overruling his motion for a new trial.

The record shows that the proceedings were had before a judge pro tem., and is silent as to whether or not he was sworn. It does not appear that he was selected to try this particular cause, and the plain inference from all that appears is that he was selected to hold the term or some part thereof.

As we have not the order before us showing the proceedings at the trial of his selection we must presume that the provisions of the law were substantially complied with, and we are strengthened in this conclusion by the fact that the alleged failure of the judge to take the oaths required by law is not made one of the grounds for a new trial.

As to the second ground relied upon in this court it is sufficient to say that in penal prosecutions motions for new trials are addressed to the discretion of the judge of the criminal court. Subse. 3, Sec. 349, Criminal Code of Practice, prohibits this court from reversing a judgment of conviction for error of the judge of the court below in granting or refusing a new trial. The judgment must be *affirmed.*

*Demphey, for appellant.*

*Attorney General, for appellee.*